**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| MEGAN SLEEPER | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| KINCAID GROUP, LLC | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**

COMES NOW, Megan Sleeper, Plaintiff, by and through the undersigned counsel, and for her cause of action against the Defendant, Kincaid Group, states as follows:

**PARTIES**

1. Plaintiff Megan Sleeper (hereinafter "Plaintiff") is a female resident of Johnson County, Kansas who was an employee of Defendant Kincaid Group, LLC. (hereinafter "Defendant").

2. Defendant is a Kansas For-Profit Limited Liability Company with its principal place of business located at 313 E. Front Street, Bonner Springs, KS 66012.

**JURISDICTION AND VENUE**

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

4. In 1978, the Pregnancy Discrimination Act ("PDA") (collectively with Title VII referred to as "Title VII") amended Title VII to bring the condition of pregnancy within the definition of sex discrimination.

5. Jurisdiction is also asserted under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

6. This Court has federal question jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under Title VII as well as under the ADA.

7. Venue is properly laid in this Court because this is a judicial district in which Defendant reside within the meaning of 28 U.S.C. § 1391, and because this is a judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to this action pursuant to 28 U.S.C. § 1391.

8. The discriminatory and retaliatory conduct discussed herein is also the subject of charges of discrimination (Exhibit A), incorporated as if fully set forth herein, that were previously filed with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII.

9. Plaintiff has received a Right to Sue letter from the EEOC (Exhibit B) pertaining to those charges of discrimination, and as such, Plaintiff has also satisfied all private, administrative, and judicial prerequisites to the institution of this action.

**BACKGROUND FACTS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1. At all times mentioned herein, Plaintiff was an employee of Defendant within the meaning of Title VII.

2. Defendant is an "employer" within the meaning of Title VII because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the preceding calendar year.

3. Plaintiff was a Treasury Analyst for the Defendant who experienced discriminatory treatment as early as 2019 until she was unlawfully terminated on approximately June 2019.

4. During the course of her employment with Defendant, Plaintiff performed at or above performance standards expected of Defendant's employees.

5. Plaintiff met all qualifications of the positions she held with Defendant.

6. Plaintiff is a 37-year old female and from January 2019 through her termination in June 2019 was subjected to gender discrimination, and retaliation all as defined under Title VII.

7. During this time, Plaintiff was also subjected to discrimination due to her temporary disability related to her pregnancy as defined under the ADA.

8. Plaintiff was pregnant for a majority of her employment with the Defendant. The Defendant knew about Plaintiff's pregnancy prior to hiring her in January 2019 as it was discussed during her pre-employment interview.

9. In late January 2019, at the beginning of her employment with the Defendant, Plaintiff was diagnosed with gestational diabetes. This was important as it could have an effect on her pregnancy and her child's health.

10. Throughout Plaintiff's employment with Defendant she performed all of the duties of her position as required, exceeded the expectations of her positions, and received positive reviews.

11. The Defendant has failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination and/or retaliation against its employees.

12. The Defendant has failed to properly train or otherwise inform its supervisors and employees concerning the Defendant's duties and obligations under federal law.

13. The true reasons for the adverse employment actions of Defendant, including termination and/or other disparate treatment in the terms and conditions of Plaintiff's employment, were illegal gender discrimination and retaliation.

14. Defendant's actions constitute illegal gender discrimination against Plaintiff in the terms and conditions of her employment in violation of Title VII.

15. Defendant's actions also constitute illegal discrimination against Plaintiff on the basis of her temporary disability which affected the terms and conditions of her employment in violation of the ADA.

16. On or about March 13, 2020, Plaintiff filed a timely charge of gender and disability discrimination against the Defendant with the EEOC.

17. Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission to no avail and exhausted all required administrative procedures prior to filing this Petition for Damages.

18. This lawsuit was filed within two (2) years of Plaintiff's unlawful termination by the Defendant.

## COUNT I: EMPLOYMENT DISCRIMINATION – GENDER

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth herein.

20. Plaintiff is a woman.

21. Plaintiff was pregnant during her employment with the Defendant.

22. Defendant knew about the Plaintiff's pregnancy at the time of hiring her, roughly 6 months prior to her expected due date.

23. The Plaintiff's gender and pregnancy was a motivating factor to the decisions by Defendant to deny the Plaintiff the same rights and privileges as other employees, keeping her in the dark while on maternity leave, providing her no critique or discipline prior to her maternity leave, and terminating the Plaintiff while she was on maternity leave despite having no performance-related blemishes on her employment record with the Defendant.

24. Shortly after taking her maternity leave, Plaintiff was terminated on the basis of her sex.

25. The Plaintiff received no justification for the termination other than she was not a "good fit." This is pretext for the underlying discrimination against the Plaintiff on the basis of her sex.

26. The Defendant discriminated against Plaintiff with respect to her terms, conditions or privileges of her employment on the basis of her sex in violation of Title VII and/or otherwise adversely affected her status as an employee on the basis of her sex in violation of Title VII.

27. The Defendant does not treat men who have taken a temporary medical leave in the same way and men have returned to work without any worry of termination.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

29. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

30. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

31. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under Title VII.

32. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## COUNT II: EMPLOYMENT DISCRIMINATION – DISABILITY

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff was pregnant during her employment with the Defendant.

35. Plaintiff was diagnosed in late January 2019 and suffered from gestational diabetes which had an impact on her health as well as her unborn child's.

36. In her interview with the Defendant, prior to receiving a job offer, the Plaintiff notified the Defendant that she was pregnant and she was expecting her child's birth in summer 2019. The Plaintiff was notified that any leave taken due to her pregnancy would be unpaid.

37. In January 2019, the Defendant hired the Plaintiff as a Treasury Analyst tasked with managing the Defendant's financial accounts and records.

38. Throughout her employment Plaintiff was never informed of performance deficiencies, told that her work was not up to appropriate standards, or that she was not meeting certain deadlines or assignments. Plaintiff was never informed nor was it ever suggested that she was not performing at a level other than satisfactory.

39. Unfortunately, during the Plaintiff's final weekly visit with her doctor prior to her scheduled delivery date, she was informed that there were problems with her child after looking at fetal monitor scans. Her doctor immediately sent her to the hospital for an emergency caesarian delivery ("C-Section").

40. In light of her gestational diabetes, pregnancy and emergency C-Section, this quantifies as a temporary disability under the ADA.

41. Because of this dire emergency, the Plaintiff was unable to provide the Defendant with notice. However, soon after the intense C-Section to save her child's life, the Plaintiff began to have numerous conversations with interns, supervisors, and other senior personnel about projects in anticipation of the Plaintiff's upcoming (unpaid) maternity leave. Despite the unfortunate circumstance, Plaintiff prioritized her work and to help the Defendant through this temporary, transitional phase.

42. Shortly thereafter, an intern for the Defendant reached out to the Plaintiff asking for her password in order to access a file the Plaintiff had been working on. The Plaintiff gave

her the password with no qualms, as she wanted to make any sort of temporary transition, while she was on maternity leave, seamless.

43. Soon after, the Defendant's Chief Financial Officer, whom the Plaintiff worked under throughout her employment with the Defendant, asked for her to bring in her laptop in order for co-workers to access and work on certain projects while she was away on her maternity leave. The Plaintiff acquiesced despite being on leave and dealing with the painful side effects of her C-Section.

44. A few days later, the Plaintiff was terminated. She was given no justification other than it was not a "good fit."

45. This is pretext for the underlying discrimination the Plaintiff was subjected to on the basis of her temporary disability.

46. The Defendant does not treat men or other non-pregnant women with temporary disabilities in the same way the Plaintiff was treated. Further, the Defendant does not treat other employees, whether male or female, who do not have a disability, the same way the Plaintiff was treated.

47. The Defendant discriminated against Plaintiff with respect to her terms, conditions or privileges of her employment on the basis of her temporary disability in violation of the ADA and/or otherwise adversely affected her status as an employee due to her unlawful discharge on the basis of her temporary disability in violation of the ADA.

48. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

49. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

50. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under the ADA.

51. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## COUNT III: RETALIATION—TITLE VII

52. Plaintiff incorporates by reference the allegations in paragraphs 1 through 51 as though fully set forth herein.

53. Soon before the Plaintiff was scheduled to take her maternity leave, she went to her last weekly doctor's appointment before she was to give birth. At this time, unbeknownst to the Plaintiff or the Defendant there were serious health issues relating to the Plaintiff's pregnancy, her gestational diabetes, and the underlying health of her child. Once the issues were

9

determined through fetal imagining, the Plaintiff had no option but to go into emergency surgery to give birth via C-Section in order to save her child.

54. Plaintiff engaged in protective activity by informing Defendant of her temporary disability and seeking to take leave.

55. The Defendant terminated the Plaintiff soon after she went on maternity leave which was materially adverse to her taking maternity leave.

56. The temporal proximity between the Plaintiff's C-Section delivery and maternity leave compared with the timing of the Plaintiff's subsequent termination by the Defendant gives rise to an inference of a causal connection.

57. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

58. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

59. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under Title VII.

60. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem,

humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## COUNT IV: RETALIATION—ADA

61. Plaintiff incorporates by reference the allegations in paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff had to take an earlier than expected maternity leave due to her emergency C-Section. The right to maternity leave coupled with health concerns surrounding her gestational diabetes and emergency C-Section quantifies as a protected activity under the ADA.

63. Because of this, the Plaintiff was subjected to a materially adverse action by being terminated from her employment with the Defendant.

64. The short time frame in between the Plaintiff's taking of maternity leave compared with the Defendant's adverse action in terminating the Plaintiff gives rise to an inference of a causal connection.

65. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

66. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under the ADA.

67. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable by law.

Respectfully Submitted,

KRIGEL & KRIGEL, P.C.

_____
Ivan L. Nugent, MO #62148
4520 Main, Ste. 700
Kansas City, MO 64111
Tele: (816) 756-5800
Fax: (816) 756-1999
inugent@krigelandkrigel.com
ATTORNEY FOR PLAINTIFF